IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOOKXCHANGE FL, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BOOK RUNNERS, LLC, an Illinois Limited Liability Company, Tobias Kaplan and Andrew McCotter,<br><br>Defendant. | CASE NO. 1: 19-cv-00506<br><br><br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

Plaintiff, BookXchange FL, LLC ("BookXchange"), by its undersigned counsel and for its First Amended Complaint against Defendants Book Runners, LLC ("Book Runners"), Tobias Kaplan ("Kaplan"), and Andrew McCotter ("McCotter") (collectively, "Defendants") hereby alleges as follows:

**NATURE OF THE CASE**

1. This is an action for (i) fraud, (ii) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*), and (iii) breach of an August 28, 2018 settlement agreement between BookXchange and the Defendants, arising from Defendants' intentional, willful, and fraudulent schemes to systematically create fake orders from BookXchange via Amazon's marketplace, thus tying up BookXchange's inventory of books, while Defendants to sell their own inventory of the very same books.

1

## THE PARTIES

2.  BookXchange is a limited liability company formed under the laws of the State of Nevada, with its principal place of business at 35 SW 12th Avenue, #105, Dania, FL 33004. BookXchange distributes textbooks throughout the United States.

3.  Book Runners is an Illinois limited liability company, with a principal place of business at 4050 N. Rockwell, Chicago, IL 60618. The members of Book Runners are Andrew McCotter and Tobias Kaplan, individuals and citizens of the State of Illinois, domiciled in Illinois.

4.  Tobias Kaplan is an individual residing in Chicago, Illinois, who co-founded Book Runners in 2017.

5.  Andrew McCotter is an individual residing in Chicago, Illinois, who co-founded Book Runners in 2017.

## JURISDICTION AND VENUE

6.  This Court has diversity jurisdiction on the following basis: plaintiff BookXchange FL, LLC is a limited liability company under the laws of Nevada with its principal place of business in Dania, Florida. Its sole member, BookXchange, LLC is a limited liability company under the laws of Florida, with its principal place of business in Dania, Florida. BookXchange, LLC's sole member is Isaac Kasztl, an individual and citizen of the state of Florida, domiciled and residing in Florida. Defendant Book Runners, LLC is a limited liability company with its principal place of business in Chicago, Illinois, with two members, Defendants Tobias Kaplan and Andrew McCotter, both individuals and citizens of the State of Illinois, domiciled and residing in Chicago, Illinois. The amount in controversy, without interest and costs, exceeds the sum specified in 28 U.S.C. § 1332.

7. The Court has subject matter jurisdiction over BookXchange's anti-trust related claims pursuant to 15 U.S.C. § 1 et seq.

8. This Court has supplemental jurisdiction over BookXchange's state law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367, because the claims are joined with substantial and related federal claims, form a part of the same case or controversy, and derive from a common nucleus of operative facts.

9. Venue is proper in this District under 28 U.S.C. §1391(a) and (b), because all defendants reside and conduct business in this District and also because a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. The Court has personal jurisdiction over Defendants pursuant to 735 Ill. Comp. Stat. Ann. 5/2-209(a) because Defendants regularly transact business within the state of Illinois and because Defendants have regularly and purposefully directed their business activities toward Illinois and its residents and derive substantial revenue from goods used or consumed in Illinois.

## DEFENDANTS' FRAUDULENT AMAZON ORDERS

11. Defendants have a history of creating fraudulent transactions to manipulate the Amazon "Buy Box." Defendants sell books in competition with BookXchange on Amazon. BookXchange's books are typically lower in price; as a result, Amazon typically lists BookXchange's books in the "buy box" before listing Defendants' books in the "buy box."

12. Defendants have developed a scheme to manipulate the "buy box" without having to lower their price. Defendants accomplish this by creating a fake "purchase" transaction for BookXchange's books. This causes Amazon's systems to treat BookXchange's inventory as "sold." Amazon's systems then populate the "buy box" with the next-available books – typically Defendants' books, and typically at a higher price to consumers.

13. Defendants' fake purchases are not actually consummated. By providing bad information, such as an incorrect credit card number or wrong address, Defendants ensure that Amazon's systems are not able to complete the transaction. As a result, BookXchange's books never ship. After several days, Amazon's systems release the "sold" status on BookXchange's inventory, and put BookXchange's books back in the "buy box."

## THE PRIOR LAWSUIT AND SETTLEMENT

14. BookXchange previously sued Defendants for, *inter alia*, their fraudulent practices on August 7, 2018. BookXchange moved for a temporary restraining order and an order to show cause for a preliminary injunction against Defendants Book Runners, LLC, Andrew McCotter, and Tobias Kaplan, in the United States District Court for the Northern District of Illinois, No. 1:18-cv-05378 for (i) breach of contract; (ii) fraud; (iii) tortious interference; and (iv) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) (the "Original Action").

15. On August 10, 2018 the parties entered into a Stipulated Temporary Restraining Order, enjoining Defendants from (a) purchasing any books from Plaintiff via Plaintiff's Amazon storefront for 14 days; and (b) removing, destroying or otherwise disposing of any business records or documents relating in any way to Defendants purchase and sale of Plaintiff's books, and calling for Defendants to set aside $200,000. (Original Action, Dkt. No. 19.)

16. On August 28, 2018 the parties entered into a settlement agreement to resolve the Original Action (the "Settlement Agreement"), and pursuant to that Settlement Agreement, BookXchange filed a Voluntary Dismissal of the litigation on September 4, 2018.

17. The Original Action was ultimately dismissed with prejudice on December 7, 2018.

18. Under the Settlement Agreement, Defendants expressly represented and warranted that they will not "engage in any scheme to 'lock up' BookXchange's inventory or manipulate the Amazon 'buy box.'"

19. The Settlement Agreement further provides that "any litigation or proceeding relating directly or indirectly to the enforcement or interpretation of this Agreement, or claims arising from or related to this Agreement, the prevailing party shall recover its reasonable attorneys' fees, costs, and expenses incurred in connection with such litigation or proceedings, and such fees, costs or expenses on appeal."

20. The Settlement Agreement provides that it "shall be governed by governed by and construed and enforced in accordance with the laws of the State of Illinois, without regard to its conflicts of law provisions. The parties agree that any action to enforce or interpret the terms of this Agreement shall be brought in the United States District Court for the Northern District of Illinois, which the Parties agree shall have jurisdiction to enforce the terms of this Agreement."

## DEFENDANTS' NEW FRAUDULENT ACTIVITY

21. Despite already having been caught engaging in "buy box" fraud, and despite having represented and warranted in a written settlement agreement that they would not conduct any such fraud in future, Defendants have resumed their Amazon "buy box" fraud.

22. Upon information and belief, Defendants are placing orders on the Amazon marketplace from BookXchange with the intention of cancelling the orders. As a result, Amazon's systems treat the books as "sold."

23. Upon information and belief, Defendants are utilizing payment methods (e.g. credit cards and gift cards) that will not pass Amazon's verification, or alternatively using false

5

shipping addresses so that orders are attempted for delivery but ultimately returned to Amazon, all of which keep the orders "pending" for up to 15 days.

24. While the orders are pending, Defendants have the lead position in the "buy box," at a higher price than consumers would otherwise pay, and as a result are generating significant profits.

25. Once the respective payment verification or attempted delivery fails, Amazon releases the "sold" status on BookXchange's books, but this typically occurs after Defendants have held the buy box for days or weeks.

26. Since December 20, 2018, BookXchange has identified at least six fake purchases made by Defendants; these orders were placed by Defendants and were ultimately cancelled or remain pending:

| Date | Order No. | Title | Quantity of Books Purchased | Unit Price | Item Total |
|---|---|---|---|---|---|
| 12/20/2018 | 111-3543919-3184266 | Investments – Standalone Book | 20 | $120.00 | $2400.00 |
| 12/24/2018 | 114-3938492-1521066 | Investments – Standalone Book | Unknown | $120.00 | Unknown |
| 12/20/2018 | 111-6255217-3763465 | Understanding Nutrition – Standalone Book | Unknown | $140.00 | $Unknown |
| 1/1/2019 | 114-5025039-9063460 | An Introduction to Human Services | 2 | $90.00 | $180.00 |
| 1/3/2019 | 114-7663562-6788205 | Exploring Lifespan Development | Unknown | $95.39 | Unknown |
| 1/5/2019 | 114-2704357-2939450 | A Topical Approach to Lifespan Development | 1 | $89.94 | $89.94 |
| Total | N/A | | 27 | N/A | $3,025.33 |

6

In each instance, Defendants' Amazon Store "Tome Dealers" became the default seller in Amazon's "buy box" for the very same titles when these orders were placed.

27.  The transactions above are just those that BookXchange has detected under Defendants' names or the names of Defendants' known associates. On information and belief, Defendants have engaged in other fraudulent "buy box" fraud transactions.

28.  Defendants' actions harm BookXchange in that they cause BookXchange to lose the immediate book sales, and also prevent BookXchange from having reliable information it can use to restock its inventory and make additional sales.

29.  Defendants' actions harm consumers in that they prevent consumers from being able to buy books at the lowest price.

30.  On information and belief, Defendants are using this scheme to manipulate Amazon's "buy box" in competition with other sellers, not just BookXchange.

31.  As a result of Defendants purchase/cancel scheme, Defendants' competitors, including BookXchange, are forced to miss out on sales opportunities because their books are "held up" in Amazon's system, and consumers are forced to pay higher prices.

32.  As a result Defendants' fraudulent scheme, BookXchange has been damaged, and will continue to be damaged, unless Defendants are enjoined by this Court.

33.  As a result of Defendants' fraudulent actions, BookXchange has lost potential revenue is during a "peak" season for the sale of textbooks – as students are returning to school from winter break, whereupon BookXchange's average daily revenue is significantly higher than usual.

34. As the direct and proximate result of Defendants' fraud and breach of settlement agreement, BookXchange has suffered and will continue to suffer actual injury and the loss of money owed from its sale of books to Defendants.

35. Unless enjoined, Defendants' scheme will continue to cause great, immediate, and irreparable injury to BookXchange, including irreparable injury to its reputation and goodwill.

## COUNT I
## FRAUD

36. BookXchange repeats and realleges each of the preceding paragraphs as if fully stated herein.

37. Defendants intentionally resumed and/or continued their fraudulent schemes to systematically initiate book purchases from BookXchange's Amazon storefront, only to cancel the orders while payment is pending, thus tying up BookXchange's inventory of books, while Defendants to sell their own inventory of the very same books.

38. Defendants made bogus purchase of books from BookXchange's Amazon marketplace, using either (i) credit cards or other payment methods they knew would not clear for several days and then canceled the orders altogether before payment could clear; (ii) false shipping addresses that they knew would result in the product being returned to Amazon; or (iii) other false information which causes Amazon's systems not to complete the transaction.

39. Amazon justifiably and reasonably relied on Defendants false and misleading statements and deceptive statements to its and BookXchange's detriment, in that BookXchange's books that were part of the "fake" orders were placed on "hold," and as a result neither Amazon nor BookXchange ever able to sell these books to legitimate consumers.

40. As a direct and proximate cause of Defendants' fraudulent schemes and false statements, BookXchange has suffered, and continues to suffer damages in the amount to be

8

proved at trial, including but not limited to lost sales and lost opportunities, attorneys fees and punitive damages.

41. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false statements set forth herein, and/or personally directed that the false statements be made (for example, by their employees Charles Cate and Jessica White).

42. On information and belief, Defendants Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability for intentional, willful breaches of contract.

43. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

### COUNT II
### VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND
### DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS 505/1 *et seq*.)

44. BookXchange repeats and realleges each of the preceding paragraphs as if fully stated herein.

45. The acts of Defendants complained of herein constitute fraud and deceptive business practices in violation of 815 ILCS 505/1 *et seq*.

46. Particularly, Defendants' fraud includes initiating and then cancelling purchases of books on Amazon in order to manipulate what items are available for sale.

47. Defendants' actions are deliberate and willful.

48. BookXchange has sustained injury, damage, and loss in Illinois based on Defendants' actions. Defendants' actions directly or indirectly affected Illinois.

49. Defendants' actions also directly harm Illinois consumers, causing Illinois consumers to pay higher prices for books than they would absent Defendants' fraudulent scheme.

50. BookXchange is entitled to recover its reasonable attorneys' fees and costs pursuant to 815 ILCS § 505/10a.

51. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false statements set forth herein, and/or personally directed that the false statements be made (for example, by their employees Charles Cate and Jessica White).

52. On information and belief, Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability for intentional, willful breaches of contract.

53. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

## COUNT III
## BREACH OF SETTLEMENT AGREEMENT

54. BookXchange repeats and realleges each of preceding paragraphs as if fully stated herein.

55. The Settlement Agreement constitutes a valid and enforceable contract, agreed upon by the parties.

56. Defendants' representation and warranty that they will no longer engage "in any scheme to 'lock up' BookXchange's inventory or manipulate the Amazon 'buy box'" is a material term and condition of the Settlement Agreement. Defendants would not have entered into the Settlement Agreement without this provision.

57. Defendants breached the Settlement Agreement by making numerous purchases intended to "lock up" BookXchange's inventory and manipulate the Amazon "buy box" to sell its own inventory.

58. BookXchange has performed all its obligations under the Settlement Agreement with Defendants.

59. Defendants have failed to perform their obligations under the Settlement Agreement.

60. As a direct and proximate result of Defendants breaches, BookXchange has suffered and will continue to suffer damage. These damages include, without limitation, the BookXchange's direct lost sales, and BookXchange's lost opportunity to restock goods, attorneys fees for the enforcement of the Settlement Agreement, and further incidental and punitive damages.

## COUNT IV
## VIOLATION OF THE SHERMAN ACT, 15 U.S.C. § 1 et seq.

61. BookXchange repeats and realleges each of preceding paragraphs as if fully stated herein.

62. A conspiracy and combination exists amongst Book Runners, McCotter and Kaplan, for the purpose of restraining competition via the "buy box" fraud described herein.

63. Defendants' "buy box" fraud scheme unreasonably restrains trade and competition, by forcing consumers to pay higher prices for books than those consumers would pay but for Defendants' scheme.

64. Defendants' "buy box" fraud scheme affects interstate commerce in that Defendants sell the affected books on Amazon throughout the United States.

11

65. BookXchange is entitled to recover its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 15.

66. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false statements set forth herein, and/or personally directed that the false statements be made.

67. On information and belief, Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability.

68. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

69. On information and belief, Defendants' actions are willul and intentional, and BookXchange is entitled to treble damages.

## COUNT V
## VIOLATION OF THE ILLINOIS ANTITRUST ACT, 740 ILCS 10 et seq.

70. BookXchange repeats and realleges each of preceding paragraphs as if fully stated herein.

71. A conspiracy and combination exists amongst Book Runners, McCotter and Kaplan, for the purpose of restraining competition via the "buy box" fraud described herein.

72. Defendants' "buy box" fraud scheme unreasonably restrains trade and competition, by forcing consumers to pay higher prices for books than those consumers would pay but for Defendants' scheme.

73. Defendants' "buy box" fraud scheme affects interstate commerce in that Defendants sell the affected books on Amazon throughout the United States.

74. BookXchange is entitled to recover its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 15.

75. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false statements set forth herein, and/or personally directed that the false statements be made.

76. On information and belief, Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability.

77. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

78. On information and belief, Defendants' actions are willul and intentional, and BookXchange is entitled to treble damages.

## JURY DEMAND

BookXchange demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, BookXchange respectfully requests entry of judgment in its favor and against Defendants as follows:

(a) An order enjoining Defendants from continuing to purchase (whether completed or not) any books from BookXchange via Amazon;

(b) That BookXchange be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud, or malice;

(c) That Defendants be required to disgorge their profits and other ill-gotten gains;

(d) Award BookXchange all of its attorneys' fees incurred in connection with this action pursuant to the terms of the Settlement Agreement; and

(e) An order granting Defendants such additional and further relief as this Court deems necessary or appropriate.

| | |
|---|---|
| Dated: March 13, 2019 | **GREENBERG TRAURIG, LLP.**<br><br>By: /s/Cameron M. Nelson<br>Cameron M. Nelson<br>Michael R. Friedman<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL 60601<br>Tel.: 312.456.8400<br>Fax: 312.456.8435<br>nelson@gtlaw.com<br>friedmanm@gtlaw.com<br><br>*Attorneys for Plaintiff BookXchange FL, LLC* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of March 2019, a copy of the foregoing ***First Amended Complaint*** was served electronically on all counsel of record via the Court's (ECF) electronic filing service.

                                          */s/ Cameron M. Nelson*
                                          Greenberg Traurig, LLP