IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOOKXCHANGE FL, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BOOK RUNNERS, LLC, an Illinois Limited Liability Company, Tobias Kaplan and Andrew McCotter,<br><br>Defendant. | CASE NO. 19-cv-00506<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

Plaintiff, BookXchange FL, LLC ("BookXchange"), by its undersigned counsel and for its First Amended Complaint against Defendants Book Runners, LLC ("Book Runners"), Tobias Kaplan ("Kaplan"), and Andrew McCotter ("McCotter") (collectively, "Defendants") hereby alleges as follows:

## NATURE OF THE CASE

1. This is an action for (i) fraud, (ii) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*), and (iii) breach of an August 28, 2018 settlement agreement between BookXchange and the Defendants, arising from Defendants' intentional, willful, and fraudulent schemes to systematically create fake orders from BookXchange via Amazon's marketplace, thus tying up BookXchange's inventory of books, while Defendants to sell their own inventory of the very same books.

1

## THE PARTIES

2. BookXchange is a limited liability company formed under the laws of the State of Nevada, with its principal place of business at 35 SW 12th Avenue, #105, Dania, FL 33004. BookXchange distributes textbooks throughout the United States.

3. Book Runners is an Illinois limited liability company, with a principal place of business at 4050 N. Rockwell, Chicago, IL 60618. The members of Book Runners are Andrew McCotter and Tobias Kaplan, individuals and citizens of the State of Illinois, domiciled in Illinois.

4. Tobias Kaplan is an individual residing in Chicago, Illinois, who co-founded Book Runners in 2017.

5. Andrew McCotter is an individual residing in Chicago, Illinois, who co-founded Book Runners in 2017.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction on the following basis: plaintiff BookXchange FL, LLC is a limited liability company under the laws of Nevada with its principal place of business in Dania, Florida. Its sole member, BookXchange, LLC is a limited liability company under the laws of Florida, with its principal place of business in Dania, Florida. BookXchange, LLC's sole member is Isaac Kasztl, an individual and citizen of the state of Florida, domiciled and residing in Florida. Defendant Book Runners, LLC is a limited liability company with its principal place of business in Chicago, Illinois, with two members, Defendants Tobias Kaplan and Andrew McCotter, both individuals and citizens of the State of Illinois, domiciled and residing in Chicago, Illinois. The amount in controversy, without interest and costs, exceeds the sum specified in 28 U.S.C. § 1332.

7. This Court has supplemental jurisdiction over BookXchange's state law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367, because the claims are joined with substantial and related federal claims, form a part of the same case or controversy, and derive from a common nucleus of operative facts.

8. Venue is proper in this District under 28 U.S.C. §1391(a) and (b), because all defendants reside and conduct business in this District and also because a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. The Court has personal jurisdiction over Defendants pursuant to 735 Ill. Comp. Stat. Ann. 5/2-209(a) because Defendants regularly transact business within the state of Illinois and because Defendants have regularly and purposefully directed their business activities toward Illinois and its residents and derive substantial revenue from goods used or consumed in Illinois.

### **DEFENDANTS' FRAUDULENT AMAZON ORDERS**

10. Defendants have a history of creating fraudulent transactions to manipulate the Amazon "Buy Box." Defendants sell books in competition with BookXchange on Amazon. BookXchange's books are typically lower in price; as a result, Amazon typically lists BookXchange's books in the "buy box" before listing Defendants' books in the "buy box."

11. Defendants have developed a scheme to manipulate the "buy box" without having to lower their price. Defendants accomplish this by creating a fake "purchase" transaction for BookXchange's books. This causes Amazon's systems to treat BookXchange's inventory as "sold." Amazon's systems then populate the "buy box" with the next-available books – typically Defendants' books, and typically at a higher price to consumers.

12. Defendants' fake purchases are not actually consummated. By providing bad information, such as an incorrect credit card number or wrong address, Defendants ensure that

3

Amazon's systems are not able to complete the transaction. As a result, BookXchange's books never ship. After several days, Amazon's systems release the "sold" status on BookXchange's inventory, and put BookXchange's books back in the "buy box."

## THE PRIOR LAWSUIT AND SETTLEMENT

13. BookXchange previously sued Defendants for, *inter alia*, their fraudulent practices on August 7, 2018. BookXchange moved for a temporary restraining order and an order to show cause for a preliminary injunction against Defendants Book Runners, LLC, Andrew McCotter, and Tobias Kaplan, in the United States District Court for the Northern District of Illinois, No. 1:18-cv-05378 for (i) breach of contract; (ii) fraud; (iii) tortious interference; and (iv) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) (the "Original Action").

14. On August 10, 2018 the parties entered into a Stipulated Temporary Restraining Order, enjoining Defendants from (a) purchasing any books from Plaintiff via Plaintiff's Amazon storefront for 14 days; and (b) removing, destroying or otherwise disposing of any business records or documents relating in any way to Defendants purchase and sale of Plaintiff's books, and calling for Defendants to set aside $200,000. (Original Action, Dkt. No. 19.)

15. On August 28, 2018 the parties entered into a settlement agreement to resolve the Original Action (the "Settlement Agreement"), and pursuant to that Settlement Agreement, BookXchange filed a Voluntary Dismissal of the litigation on September 4, 2018.

16. The Original Action was ultimately dismissed with prejudice on December 7, 2018.

17. Under the Settlement Agreement, Defendants expressly represented and warranted that they will not "engage in any scheme to 'lock up' BookXchange's inventory or manipulate the Amazon 'buy box.'"

18. The Settlement Agreement further provides that "any litigation or proceeding relating directly or indirectly to the enforcement or interpretation of this Agreement, or claims arising from or related to this Agreement, the prevailing party shall recover its reasonable attorneys' fees, costs, and expenses incurred in connection with such litigation or proceedings, and such fees, costs or expenses on appeal."

19. The Settlement Agreement provides that it "shall be governed by governed by and construed and enforced in accordance with the laws of the State of Illinois, without regard to its conflicts of law provisions. The parties agree that any action to enforce or interpret the terms of this Agreement shall be brought in the United States District Court for the Northern District of Illinois, which the Parties agree shall have jurisdiction to enforce the terms of this Agreement."

## DEFENDANTS' NEW FRAUDULENT ACTIVITY

20. From around the time BookXchange filed the first lawsuit in August 2018, through mid-October, 2018, Defendants either stopped purchasing books from BookXchange or did so without incident – no return, no cancellations, no wrong addresses. Then, beginning on October 14, 2018, BookXchange began to see transactions which appeared to be the same "buy box" manipulation BookXchange had seen in the past.

21. Despite already having been caught engaging in "buy box" fraud, and despite having represented and warranted in a written settlement agreement that they would not conduct any such fraud in future (and several months of no impropriety following the Settlement Agreement), Defendants have resumed their Amazon "buy box" fraud just a couple of months into the Settlement Agreement.

22. Defendants' manipulation is characterized by an extremely high rate of cancelled orders. Between January 2018 to January 14, 2019, BookXchange experienced an overall

cancellation rate of about 6% across all its Amazon orders. In that same time, Defendants fully canceled 31.5% of their orders (and partially canceled others). Defendants' cancellation rate since the date of the Settlement Agreement remains at approximately 18.75% - more than three times the average rate.

23. Upon information and belief, Defendants are placing orders from BookXchange on the Amazon marketplace with the intention of cancelling the orders. As a result, Amazon's systems treat the books as "sold."

24. Upon information and belief, Defendants intentionally manipulate Amazon's system to ensure that (a) an order depletes BookXchange's inventory, so that Defendants capture the "buy box," (b) the order does not actually consummate, and (c) the transaction remains pending for an unusual amount of time, in order to maximize the amount of time Defendants have captured the "buy box."

25. Upon information and belief, one method Defendants use to carry out their scheme is to use payment methods (e.g. credit cards and gift cards) that will not pass Amazon's verification. When a payment method does not clear, the order will not ship. Amazon's systems will automatically hold the order for at least a few days while giving Defendants an opportunity to fix the payment method – which they do not do.

26. In each instance where their payment method was declined, Amazon sent a notice to Defendants giving them three days to resolve the incorrect payment method. In each case, instead of attempting to resolve these issues, Defendants took *no* action to correct its billing information.

27. Upon information and belief, an alternate method Defendant use to carry out their scheme is to provide an incorrect shipping address. Amazon typically stores shipping addresses,

billing addresses and payment information, so that it does not need to be "re-entered" for every purchase. Like any Amazon customer, the shipping address is stored and each subsequent order defaults to that address; it takes a conscious, deliberate act to change the shipping address for a specific order.

28. BookXchange has identified at least one order where Defendants appear to have made a deliberate change, which resulted in UPS being unable to deliver the order. Upon information and belief, because this shipping address change was a conscious, deliberate act which departed from the normal order process, this is one of the methods Defendants use to manipulate Amazon's systems and lock up inventory without any intent to actually accept receipt of an order.

29. Upon further information and belief, Defendants are using other, as-yet-undiscovered methods of manipulating Amazon's systems to create orders for which Defendants do not have any intent of accepting delivery. Upon information and belief, Defendants are aware of account changes or other manipulations that will cause Amazon to stop shipments.

30. While the fraudulent orders are pending, Defendants have the lead position in the "buy box." This enables Defendants to capture customers, while at the same time barring BookXchange from selling to those customers. This also causes consumers to pay a higher price than they would otherwise pay through ordinary competition (i.e., Defendants are avoiding having to lower their prices to capture a sale).

31. Once the respective payment verification or attempted delivery fails, Amazon releases the "sold" status on BookXchange's books, but this typically occurs after Defendants have held the buy box for days or weeks.

32. Since October 14, 2018, BookXchange has identified at least six fake purchases made by Defendants; these orders were placed by Defendants and were ultimately cancelled or remain pending:

| Date | Order No. | Title | Quantity of Books Purchased | Unit Price | Item Total | Pending Time |
|------|-----------|-------|------------------------------|------------|------------|--------------|
| 10/14/2018 | 113-7609737-9299451 | Psychology In Modules | 18 | $120.00 | $2160.00 | 7 days |
| 12/20/2018 | 111-3543919-3184266 | Investments – Standalone Book | 20 | $120.00 | $2400.00 | 2 days |
| 12/24/2018 | 114-3938492-1521066 | Investments – Standalone Book | Unknown | $120.00 | Unknown | 1 day |
| 1/1/2019 | 114-5025039-9063460 | An Introduction to Human Services | 2 | $90.00 | $180.00 | 3 days |
| 1/3/2019 | 114-7663562-6788205 | Exploring Lifespan Development | Unknown | $95.39 | Unknown | 7 days |
| 1/5/2019 | 114-2704357-2939450 | A Topical Approach to Lifespan Development | 1 | $89.94 | $89.94 | 4 days |
| Total | N/A | | 27 | N/A | $5,1855.33 | 3.571 days |

In each instance, Defendants' Amazon Store "Tome Dealers" became the default seller in Amazon's "buy box" for the very same titles when these orders were placed.

33. Defendants made false statements in connection with each of the above-listed transactions, as follows:

| Order No. | Identity of Individual Who Made False Statement | False Statement Made |
|-----------|--------------------------------------------------|----------------------|
| 113-7609737-9299451 | Andrew McCotter & Jessica White | False Shipping Address |
| 111-3543919-3184266 | Jessica White | Account Changes |

8

| Order No. | Identity of Individual Who Made False Statement | False Statement Made |
|---|---|---|
| 114-3938492-1521066 | Tobias Kaplan | False payment information |
| 114-5025039-9063460 | Tobias Kaplan | False payment information |
| 114-7663562-6788205 | Andrew McCotter | False payment information |
| 114-2704357-2939450 | Tobias Kaplan | False payment information |

In each instance, Defendants (or Defendants' employee on behalf of Defendants) made a false statement to Amazon regarding the payment information or shipping address to Amazon. The false payment and shipping information, caused Amazon to pull BookXchange's inventory as "pending", allowing Defendants to take the top buy box position without lowering their price.

34. On October 14, 2018, Andrew McCotter and Jessica White placed Order No. 113-7609737-9299451 for 18 copies of "Psychology In Modules" from BookXchange. On information and belief, Andrew McCotter and Jessica White deliberately altered their default shipping address by adding an additional "Unit 1" to the shipping address, so that it read "4050 N ROCKWELL ST UNIT 1 UNIT 1, CHICAGO IL 60618-3721." Changing the default shipping address was a deliberate act by Andrew McCotter and Jessica White. On information and belief, Andrew McCotter and Jessica White never intended for this transaction to consummate, and knew that altering the shipping address would stop the transaction from consummating. This order was shipped from an Amazon warehouse and, on information and belief, UPS attempted delivery of this order. On further information and belief, UPS was either unable to deliver the order, or the delivery was explicitly rejected by Defendants. UPS ultimately returned the order to Amazon. This order remained pending for 7 days, at which point it was cancelled as "undeliverable." While this shipping address only deviates from the correct shipping address in a minor way, it did in fact succeed in preventing delivery of the order.

9

35. On December 20, 2018, Jessica white ordered 20 copies of "Investments Standalone," at $120 per book, from BookXchange, Order No. 111-3543919-3184266. This order never shipped; Defendants have produced a single document suggesting that the order was cancelled due to unspecified "account changes." On information and belief, Defendants initiated the purported "account changes" which caused this order to be cancelled, and did so with the intent of causing this order to be cancelled.

36. On December 24th, 2018, Tobias Kaplan ordered an additional 20 copies of "Investments Standalone," at $120 per book, from BookXchange, Order Nos. and 114-3938492-1521066, respectively. On information and belief, Tobias Kaplan knowingly provided false or incomplete payment method information, with the intent that the transaction never consummate. This order never shipped due to Amazon's inability to verify Defendants' payment method, and Defendants did not take any action to correct the payment method. This order, combined with the earlier unconsummated December 20th order, caused Amazon to mark BookXchange's inventory of "Investments Standalone" title as depleted, and to place Defendants' books in the lead position in the "buy box." (See Exhibit 1, Declaration of Zachary Langstein, Exhibit C.)

37. On January 1, 2019, Tobias Kaplan ordered 2 copies of "An Introduction to Human Services" for $90 from BookXchange, Order No. 114-5025039-9063460. On information and belief, Tobias Kaplan knowingly provided false payment information with this order. On January 2, 2019 Amazon's sent an email to Defendants stating that payment was declined, and that the transaction would be cancelled if payment information was not corrected by January 5, 2019. Defendants took no action to correct the false payment information and consummate this transaction. On information and belief, defendants captured the "buy box" while this transaction was pending.

38. On January 3, 2019, Andrew McCotter ordered 30 copies of "Exploring Lifespan Development," for $106.49 and $95.39, from BookXchange, Order No. 114-7663562-6788205. On information and belief, Andrew McCotter knowingly provided false payment information in connection with this transaction, and never intended for this transaction to consummate. On January 8, 2019 Amazon's sent notice to Defendants that its transaction would cancelled due to a declined payment, if it was not corrected by January 11, 2019. In the three days following this notice, Defendants took no action to attempt to correct this payment and consummate this transaction. Following the temporary removal of BookXchange's inventory through this unconsummated transaction, Defendants moved to the top of the "buy box" at a higher sales price. (See Ex. 1, Langstein Decl., at Exhibit C.)

39. On January 4th and 5th, 2019, Tobias Kaplan placed several orders for "A Topical Approach to Lifespan Development," at 2:59pm, 2:59pm, 3:00pm and 3:02pm on January 4th, and once on January 5th, for $89.44 from BookXchange, consolidated into Order No. 114-2704357-2939450. On information and belief, Tobias Kaplan knowingly provided false payment information with this order, and never intended to consummate the order. On January 8, 2019 Amazon sent notice to Defendants that the transaction would cancelled due to a declined payment, if it was not corrected by January 11, 2019. In the three days following this notice, Defendants took no action to attempt to correct this payment and consummate this transaction. Defendants secured the top position in the "buy box" as a result of these unconsummated transactions.

40. The transactions above are just those that BookXchange has detected under Defendants' names or the names of Defendants' known associates. On information and belief, Defendants have engaged in other fraudulent "buy box" fraud transactions, and have other accounts they have not disclosed to BookXchange.

41. Defendants' actions caused BookXchange's inventory to be tied up for an extended period of time, causing BookXchange to lose the immediate book sales, and also prevent BookXchange from having reliable information it can use to restock its inventory and make additional sales.

42. Defendants were at all times capable of placing orders which would not be cancelled, and did so throughout the relevant time periods.

43. The specific transactions listed above are merely examples which have occurred since the parties entered into the settlement agreement. There are a significant number of transactions dated prior to the settlement agreement which bear similar indicia of fraud – long "pending" times, high rates of cancellation, and Defendants securing the "buy box" as a result of "pending" transactions. BookXchange identified further specific transactions in its original complaint against Defendants, which is incorporated herein by reference. (Exhibit 2, Complaint filed in 18-cv-05378, at ¶¶ 26 and 34.) Additional canceled transactions suspected of fraud transactions are attached hereto as Exhibit 3.

44. Defendants' actions harm consumers in that they prevent consumers from being able to buy books at the lowest price.

45. On information and belief, Defendants are using this scheme to manipulate Amazon's "buy box" in competition with other sellers, not just BookXchange.

46. As a result of Defendants purchase/cancel scheme, Defendants' competitors, including BookXchange, are forced to miss out on sales opportunities because their books are "held up" in Amazon's system, and consumers are forced to pay higher prices.

47. As a result Defendants' fraudulent scheme, BookXchange has been damaged, and will continue to be damaged, unless Defendants are enjoined by this Court.

48. As a result of Defendants' fraudulent actions, BookXchange has lost potential revenue is during a "peak" season for the sale of textbooks – as students are returning to school from winter break, whereupon BookXchange's average daily revenue is significantly higher than usual.

49. As the direct and proximate result of Defendants' fraud and breach of settlement agreement, BookXchange has suffered and will continue to suffer actual injury and the loss of money owed from its sale of books to Defendants.

50. Unless enjoined, Defendants' scheme will continue to cause great, immediate, and irreparable injury to BookXchange, including irreparable injury to its reputation and goodwill.

## COUNT I
## FRAUD

51. BookXchange repeats and realleges each of the preceding paragraphs as if fully stated herein.

52. Defendants intentionally resumed and/or continued their fraudulent schemes to systematically initiate book purchases from BookXchange's Amazon storefront, only to cancel the orders while payment is pending, thus tying up BookXchange's inventory of books, while Defendants to sell their own inventory of the very same books.

53. Defendants made bogus purchase of books from BookXchange's Amazon marketplace, using either (i) credit cards or other payment methods they knew would not clear for several days and then canceled the orders altogether before payment could clear; (ii) false shipping addresses that they knew would result in the product being returned to Amazon; or (iii) other false information which causes Amazon's systems not to complete the transaction.

54. Amazon justifiably and reasonably relied on Defendants false and misleading statements and deceptive statements to its and BookXchange's detriment, in that BookXchange's

books that were part of the "fake" orders were placed on "hold," and as a result neither Amazon nor BookXchange ever able to sell these books to legitimate consumers.

55. As a direct and proximate cause of Defendants' fraudulent schemes and false statements, BookXchange has suffered, and continues to suffer damages in the amount to be proved at trial, including but not limited to lost sales and lost opportunities, attorneys fees and punitive damages.

56. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false statements set forth herein, and/or personally directed that the false statements be made (for example, by their employees Charles Cate and Jessica White).

57. On information and belief, Defendants Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability for intentional, willful breaches of contract.

58. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

## COUNT II
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS 505/1 *et seq*.)

59. BookXchange repeats and realleges each of the preceding paragraphs as if fully stated herein.

60. The acts of Defendants complained of herein constitute fraud and deceptive business practices in violation of 815 ILCS 505/1 *et seq*.

61. Particularly, Defendants' fraud includes initiating and then cancelling purchases of books on Amazon in order to manipulate what items are available for sale.

62. Defendants' actions are deliberate and willful.

63. BookXchange has sustained injury, damage, and loss in Illinois based on Defendants' actions. Defendants' actions directly or indirectly affected Illinois.

64. Defendants' actions also directly harm Illinois consumers, causing Illinois consumers to pay higher prices for books than they would absent Defendants' fraudulent scheme.

65. BookXchange is entitled to recover its reasonable attorneys' fees and costs pursuant to 815 ILCS § 505/10a.

66. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false statements set forth herein, and/or personally directed that the false statements be made (for example, by their employees Charles Cate and Jessica White).

67. On information and belief, Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability for intentional, willful breaches of contract.

68. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

## COUNT III
## BREACH OF SETTLEMENT AGREEMENT

69. BookXchange repeats and realleges each of preceding paragraphs as if fully stated herein.

70. The Settlement Agreement constitutes a valid and enforceable contract, agreed upon by the parties.

71. Defendants' representation and warranty that they will no longer engage "in any scheme to 'lock up' BookXchange's inventory or manipulate the Amazon 'buy box'" is a material

15

term and condition of the Settlement Agreement. Defendants would not have entered into the Settlement Agreement without this provision.

72. Defendants breached the Settlement Agreement by making numerous purchases intended to "lock up" BookXchange's inventory and manipulate the Amazon "buy box" to sell its own inventory.

73. BookXchange has performed all its obligations under the Settlement Agreement with Defendants.

74. Defendants have failed to perform their obligations under the Settlement Agreement.

75. As a direct and proximate result of Defendants breaches, BookXchange has suffered and will continue to suffer damage. These damages include, without limitation, the BookXchange's direct lost sales, and BookXchange's lost opportunity to restock goods, attorneys fees for the enforcement of the Settlement Agreement, and further incidental and punitive damages.

## JURY DEMAND

BookXchange demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, BookXchange respectfully requests entry of judgment in its favor and against Defendants as follows:

(a) An order enjoining Defendants from continuing to purchase (whether completed or not) any books from BookXchange via Amazon;

(b) That BookXchange be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud, or malice;

(c) That Defendants be required to disgorge their profits and other ill-gotten gains;

(d) Award BookXchange all of its attorneys' fees incurred in connection with this action pursuant to the terms of the Settlement Agreement; and

(e) An order granting Defendants such additional and further relief as this Court deems necessary or appropriate.

Dated: May 24, 2019                                  GREENBERG TRAURIG, LLP.

                                                                        By: /s/Cameron M. Nelson
Cameron M. Nelson
Michael R. Friedman
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel.: 312.456.8400
Fax: 312.456.8435
nelson@gtlaw.com
friedmanm@gtlaw.com

*Attorneys for Plaintiff BookXchange FL, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 24th day of May 2019, a copy of the foregoing ***Second Amended Complaint*** was served electronically on all counsel of record via the Court's (ECF) electronic filing service.

*/s/ Cameron M. Nelson*
Greenberg Traurig, LLP
