**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BookXchange FL, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 19 C 506** |
| | ) | |
| **v.** | ) | **Judge Robert W. Gettleman** |
| | ) | |
| **Book Runners, LLC, Tobias Kaplan,** | ) | **Magistrate Judge Finnegan** |
| **and Andrew McCotter,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Defendants' Motion *in Limine* Regarding Amazon Records Custodian Declaration (Doc. 122) seeks an *in limine* order finding that the Declaration of Florin Mirica, a records custodian at Amazon.com, Inc., is not inadmissible hearsay under Federal Rule of Evidence 802 pursuant to the residual exception in Rule 807. Plaintiff objects to the admissibility of one sentence of the declaration (Paragraph 8), but otherwise does not oppose the motion. For reasons discussed in this Order, the Court finds that Defendants have not established the trustworthiness of Paragraph 8 of the declaration and, therefore, denies the motion as to that paragraph. Since Plaintiff does not object to the admissibility of the rest of the declaration (Paragraphs 1 through 7 and 9 through 29), the Court need not decide whether that information satisfies the requirements of Rule 807. As to those portions, the motion is denied as moot since they will be admitted without objection.

## DISCUSSION[1]

### I.  Background

Plaintiff and Book Runners are merchants dealing in college textbooks.  Both extensively use the Amazon marketplace for online sales.  Plaintiff alleges that Book Runners has placed certain fraudulent orders for Plaintiff's books on Amazon by entering false payment information when placing the orders on Amazon.  Book Runners vigorously opposes all of Plaintiff's claims.  Not surprisingly, Amazon has business records pertaining to disputed factual issues in this case.  Book Runners contacted Amazon's outside counsel about the need for evidence from Amazon on disputed factual issues, including the actual payment information used for each order according to Amazon's records and the reason why the orders were canceled according to Amazon's records. Amazon proposed to provide a declaration of a records custodian in lieu of presenting a witness for a 30(b)(6) deposition.

Defendants now have obtained the Declaration of Florin Mirica, a Litigation Paralegal in the Litigation and Regulatory group at Amazon.com, Inc. (Doc. 122, at 1-2; Doc. 122-1, at 2).  Defense counsel inquired of Amazon's outside counsel whether the declarant would be able to testify at trial in this matter in Chicago.  Amazon's counsel said that the witness worked full time in Seattle and would not be available.  Defense counsel then asked whether the declarant could sit for a 30(b)(6) deposition to confirm the declaration.  Amazon's counsel said a deposition would be unreasonably expensive and

---

[1]    Where the record contains both a redacted public version of a document and an unredacted sealed version, this Court cites the public version unless the relevant portion of the document is sealed.

burdensome for Amazon and directed Book Runners' counsel to use the records custodian declaration as trial evidence instead. (Doc. 122, at 1-2; Doc. 165, at 3).

As a result, Defendants now seek an order stating that the declaration "meets the elements of" Rule 807, the residual exception to the rule against hearsay. (Doc. 122, at 1, 3; Doc. 172, at 1-3). Plaintiff objects only to the admissibility of Paragraph 8 of the declaration, so this Order examines only that paragraph to determine whether the information in it satisfies the requirements for the admission of hearsay under Rule 807's residual exception to the hearsay rule.

## II. Paragraph 8 of Declaration

The declaration describes the results of research done by the declarant about certain "orders placed on the Amazon store." (Doc. 122-1). The paragraphs that immediately precede Paragraph 8 describe "the 266 Order" in various ways. (*Id.* at 2-6). Paragraph 5 states: "The 266 Order was placed on December 20, 2018, for 20 copies of a book titled "Investments – Standalone Book." (*Id.* at 3). Paragraph 6 then identifies where the order was shipped (to Andrew McCotter, who is one of Defendant Book Runner's owners), and Paragraph 7 provides the payment method. (*Id.*). What follows in the disputed Paragraph 8 is this statement: "On December 22, 2018, Amazon cancelled the 266 Order because of a notification that the customer's account appeared to have been compromised." (*Id.*). The parties agree this is a hearsay statement, but Defendants believe it is admissible under the residual exception to the hearsay rule. Plaintiff disagrees.

### B. Federal Rule of Evidence 807

Federal Rule of Evidence 807 allows for the admission of a hearsay statement when certain conditions are met:

> (1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

FED. R. EVID. 807(a).[2]

Defendants argue that "the statement [in Paragraph 8] is supported by sufficient guarantees of trustworthiness" because:

- it was "made by a records custodian of a very large corporation based on the corporation's internal records[;]"
- it was "drafted and executed under the supervision of legal counsel for Amazon[;]"
- it is "corroborated by the declaration of [Defendant] Tobias Kaplan[;]" and
- "the Court can take judicial notice of the fact that Amazon would have the most reliable knowledge as to the payment information submitted for an order on its own website and what its own records reflect was the reason for the cancelation [sic] of an order."

(Doc. 122, at 3; *see* Doc. 172, at 2-3). In the reply brief, Defendants add that, "perhaps most significantly," it is a sworn statement. (Doc. 172, at 2). Defendants also argue that the statement is "more probative . . . than any other evidence [they] can obtain through reasonable efforts" where they would have to incur expense to enforce a deposition subpoena against Amazon in the Western District of Washington. (Doc. 122, at 3-4).

---

[2]  Another condition is that notice be given, and Rule 807(b) describes how this must be done. FED. R. EVID. 807(b). There is no dispute that this condition is satisfied.

Plaintiff challenges the trustworthiness of the statement for multiple reasons. First, it complains that, in stating that the 266 Order was canceled "because of a notification that the customer's account appeared to have been compromised[,]" the declaration fails to "specify what the "notification" was, where it originated, who it came from, or what it contained." (Doc. 167, at 1). Plaintiff says it has asked Amazon's counsel to provide documentation supporting Paragraph 8, but counsel indicated that it would not do so. (*Id.*).[3] Second, in documents that Amazon previously produced (in October 2019), there is a customer service chat history for the orders at issue in this case, including "five *separate* chats with Amazon customer services (three on the same day), in which Amazon customer service representatives offered *different reasons* for the cancellation of the 266 Order[.]" (*Id.* at 2) (emphasis in original). Specifically, the chat transcripts reflect varying explanations from various customer service representatives to Jessica White (who the parties do not identify) and/or McCotter (one of Book Runner's owners) for the cancellation of Order 266: "an alert for recent changes in your account[;]" "some technical glitch[;]" "to prevent the unauthorized activity[;]" "payment has been decline[d]"; and "payment decline[.]" (*Id.*; Doc. 167-1, at 2-3). These "chats" occurred between January 25, 2019 and February 19, 2019. The declaration, executed in February 2020, does not reference or attach the chat transcripts. (Doc. 122-1, at 6). Plaintiff also cites another chat transcript about the 266 Order (seemingly dated January 28, 2019)— produced by Defendants, but not Amazon—in which the customer service representative

---

[3]     Counsel for Amazon indicated (to Plaintiff's counsel) that, due to its 13-month records retention policy, it no longer has any contemporaneous documents associated with the 266 Order. (Doc. 167, at 3). Instead, Amazon indicated that it purportedly relied on an "internal annotation" on the record. (*Id.*) Amazon has declined to disclose the nature of the "internal annotation," or any other information about that annotation. (*Id.*)

stated to "Jessica" ". . . You are correct here,[ ]suspicious activity has been found under your account that's the reason your order is showing cancelled." (Doc. 167, at 2-3; Doc. 167-2, at 2).

Defendants dismiss the chat transcripts as "informal, unsworn, hearsay comments" and conclude that the declarant's statement as to the reason for the cancellation "is undeniably correct" because "Amazon's records say what the record custodian says they say." (Doc. 172, at 2-3). But Defendants have not provided the Court with the specific Amazon record that reflects what is stated in Paragraph 8. (Doc. 122-1, at 3). If that record had been attached as an exhibit to the declaration, it perhaps would establish that the declarant's statement in Paragraph 8 did not require the declarant to interpret or make suppositions from ambiguous or confusing Amazon records but simply to regurgitate what the record states.

Moreover, the chat transcripts are also Amazon records and reflect the apparent research of various Amazon customer service representatives as to why the 266 Order was cancelled. Without witness testimony, it is impossible to know whether the statement in Paragraph 8 (that the account was closed due to a notification that the account had been "compromised") is or is not consistent with the Amazon customer service chat transcripts that alternately identified "an alert for recent changes" and prevention of "unauthorized activity" as the reason for the cancellation. (Doc. 167-1, at 2-3; Doc. 172, at 2). And the other three chat transcripts are unquestionably *not* consistent with the declarant's statement since the representatives alternately identified the reason for the cancellation as a "technical glitch" and declined payment. (*Id.*). This matters because Rule 807 requires that the hearsay statement have "sufficient guarantees of

6

trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement." Fed. R. Evid. 807(a)(1). Here, Defendants have not provided the corroborating evidence, and it appears possible that Amazon's records are not entirely clear or consistent as to the reason for the cancellation of the 266 Order.[4] So, while there is no reason to question the declarant's credibility, it is possible that the declarant did not do a thorough enough investigation, or that the underlying records upon which the statement is based are confusing, inconsistent, or incomplete.

Under the circumstances presented here, the Court is also not persuaded that the second condition for admitting hearsay under Rule 807 is satisfied: the hearsay statement must be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(2). If a witness were called in lieu of admitting the declaration, the parties would likely obtain more information about the meaning of the statement in question. For example, what does it mean when an Amazon record reflects that a customer account has been "compromised"? Does this term have a standard meaning at Amazon, and, if so, what is covered by the term? The parties would also be able to learn from a witness how Amazon obtains and maintains the type of information in Paragraph 8, including the various types of records that are generated and by whom. The parties likely would ask the witness how she came to the conclusion that Amazon cancelled the Defendants' account due to

---

[4]     To the extent Defendants refer to the Kaplan declaration as corroboration, the Court notes that Kaplan concludes that Amazon cancelled the 266 Order "due to an Amazon fraud screening." (Doc. 15, at 14). Kaplan bases this conclusion on Amazon chat transcripts, including those that state the reasons for the cancellation as: "suspicious activity has been found under your account that's the reason your order is showing cancelled[;]" and "had an alert for recent changes in your account and that is the reason we cancelled all the pending order on that day and after that." (*Id.*)

notification that the account had been compromised. What process was followed to identify and obtain the relevant records? Finally, the witness could be asked whether it is possible that the cancellation resulted from the different (or additional) reasons reflected in the chat history.

Of course, it would be much easier to avoid the expense of obtaining testimony from a witness. But where the hearsay statement contains a conclusion that is contested by the opposing party based upon hearsay statements made by other Amazon employees that are reflected in Amazon's records, the Court is not persuaded that the conditions of Rule 807 are satisfied.

## CONCLUSION

For the all of the foregoing reasons, Defendants' Motion *in Limine* Regarding Amazon Records Custodian Declaration (Doc. 122) is denied as to Paragraph 8. The Court declines to order that the information in that paragraph is admissible under Rule 807. As for the rest of the declaration (Paragraphs 1 through 7 and 9 through 29), the motion is denied as moot since those portions need not satisfy Rule 807 as Plaintiff does not object to their admission. Defendants' related motion for leave to file under seal (Doc. 166) is granted without objection.

ENTER:

Dated: November 30, 2020

SHEILA FINNEGAN
United States Magistrate Judge